## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **KATIE JONES and** | ) | |
| **MIRANDA WELDON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **3:11-CV-00168-LTW** |
| **BREMEN-BOWDON** | ) | |
| **INVESTMENT COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, Bremen-Bowdon Investment Company, the Defendant herein, and files this, its Motion To Dismiss and Memorandum Of Law In Support Thereof. As set forth below, Defendant respectfully moves this Court for an Order dismissing this civil action pursuant to Federal Rule of Civil Procedure 12(b)(6) on account of the Plaintiffs' failure to state a claim which entitles them to relief.  In support of the instant Motion, Defendant respectfully shows the following:

## I. STATEMENT OF THE CASE

Katie Jones and Miranda Weldon (Plaintiffs) filed a Complaint against Bremen-Bowdon Investment Company (Defendant) on October 11, 2011. Plaintiffs then filed an Amended Complaint on October 12, 2011, and a Second

Amended Complaint on October 13, 2011.[1]   [Doc. 1, 3-4.]   In their Complaint, Plaintiffs allege in a bare bones fashion that they were hired by Defendant, that they informed Defendant that they were pregnant and needed to sit instead of stand during the day, and that they were terminated by Defendant.   [Doc. 4 (Compl.), ¶¶ 13-18.]   Based solely upon these allegations, Plaintiffs seek relief for sex discrimination in violations of Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, and a state law claim for intentional infliction of emotional distress.  (Compl. ¶¶  19-29.)  Defendant now files this, its Motion to Dismiss, asking this Court to dismiss Plaintiffs' Complaint for failing to state a claim upon which relief may be granted.   As shown in detail below, all of Plaintiffs' claims are ripe for dismissal because they fail to contain sufficient factual detail to state a plausible claim for relief, as required by the federal pleading standards.   In addition, Plaintiffs' state law claims for intentional infliction of emotional distress based upon their terminations fail as a matter of law because they have not alleged outrageous conduct.   Accordingly, Defendant respectfully requests that this Court grant its Motion and dismiss Plaintiffs' Complaint with prejudice.

---

[1] All three Complaints appear to be identical in all aspects, and contain the same factual and legal allegations.

## II.   <u>ARGUMENT AND CITATION TO AUTHORITY</u>

**A.   Plaintiffs' Claims Should Be Dismissed In Their Entirety Because They <u>Fail To Satisfy The Federal Pleading Standard</u>**

### 1.   <u>Federal Pleading Standard</u>

Under Federal Rule of Civil Procedure 8, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555-56 (2007). This standard demands that a plaintiff must plead more than a "naked assertion" without "further factual enhancement." <u>Iqbal v. Ashcroft</u>, 129 S. Ct. 1937, 1953 (2009). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level." <u>Edwards v. Prime, Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010).

This pleading standard applies to all civil cases, including employment discrimination cases. <u>Iqbal</u>, 129 S. Ct. at 1953. In the employment context, a plaintiff may not defeat a motion to dismiss for failure to state a claim simply by arguing that she was discriminated against based on a protected class. <u>Id.</u> at 1954.

Under this standard, the Eleventh Circuit and its district courts repeatedly have dismissed employment discrimination claims where only conclusions are pled instead of factual allegations stating a plausible claim for relief.  See Edwards, 602 F.3d at 1301 (allegation that plaintiff was subjected to discriminatory environment due to race was mere "formulaic recitation of the elements" of claim and did not satisfy Rule 8's pleading standard); Raja v. Englewood Community Hospital, 2009 WL 3429805, at *3 (M.D. Fla. Oct. 21, 2009) (dismissing discrimination complaint where plaintiff pled conclusions instead of factual allegations of discrimination and noting, "pursuant to Ashcroft v. Iqbal, each conclusory allegation is to be ignored"); Brooks v. CSX Transportation, Inc., 2009 WL 3208708, at *3 (M.D. Fla. Sep. 29, 2009) (stating bare bones complaint with conclusory references to age discrimination without reference to specific instances of conduct was insufficient to state claim.)

## 2. **Plaintiffs' Claims Are Pled With Insufficient Factual Detail**

In this case, Plaintiffs' Complaint fails to allege any claims with the necessary specificity required by Rule 8 under the standards discussed in Twombly and Iqbal.  Instead, Plaintiffs plead only generalized and conclusory statements that are insufficient to survive a Motion to Dismiss.

The only facts that Plaintiffs allege in their Complaint to support their discrimination and intentional infliction claims are: (1) that they were hired; (2) that they informed the Defendant they were pregnant; (3) that their doctors required to sit down during work; and, (4) that they were terminated based upon a lack of work (Plaintiff Jones) and health concerns (Plaintiff Weldon) (Compl. ¶¶ 13-18.)  The Plaintiffs allege no facts indicating that their respective terminations were based on any discriminatory intent towards them based on their status as women or their pregnancies.  Instead, Plaintiffs present only the legal conclusion, which should not be considered, that their terminations constitute unlawful and intentional sex discrimination.  (Compl. ¶ 20.)  In addition, Plaintiffs merely regurgitate legal standards and state that Defendant acted with malice or reckless indifference (Compl. ¶ 21.)

The insufficiency of Plaintiffs' Complaint is perhaps best demonstrated by the fact that the allegations, as pled in the Complaint, create an inference of lawful conduct rather than unlawful conduct.  In this regard, Plaintiffs broadly contend they were discriminated against when they were terminated because of doctors' notes which required sitting while working during their pregnancies.  However, this allegation ignores that an employer may lawfully terminate an employee (pregnant or not) who is not capable of performing their job.  Here, the employer

could lawfully terminate its pregnant employees if they needed to stand to perform their jobs.  Indeed, it is axiomatic that an employee must be able to perform the essential functions of her job, even if pregnant.  Spivey v. Beverly Enterprises, Inc., 196 F.3d 1309, 1312-13 (11th Cir. 1999) (upholding termination of pregnant employee who could no longer perform job due to lifting restriction from physician, noting that employer is not required to provide preferential treatment to pregnant employees.)  Moreover, the Eleventh Circuit has held that the Pregnancy Discrimination Act and Title VII do not require an employer to create light duty work for an employee (including a pregnant employee) who cannot perform her job. See Armstrong v. Flowers Hospital, Inc., 33 F.3d 1308, 1317 (11th Cir. 1994) (noting that a pregnant employee can be held to the same job requirements as other employees.)  Consequently, Plaintiffs' allegation that they were terminated because they had to sit during their pregnancies merely pleads conduct that is entirely lawful.  Accordingly, the Plaintiffs' inadequate pleading does not simply fail to plead a plausible case of discrimination, but it in fact, pleads a plausible case of lawful actions by Defendant.

As to Plaintiffs' tort claim for intentional infliction of emotional distress, they conclude that, by terminating them, Defendants actions caused them to suffer emotional pain, mental distress, inconvenience, mental anguish, a loss of

enjoyment of life, and egregious emotional harm (Compl. ¶ 22, 25.)  Again, Plaintiffs' Complaint contains conclusions without supporting facts.  Therefore, Plaintiffs' intentional infliction of emotional distress claim is subject to dismissal.  See Ebeh v. St. Paul Travelers, 2010 WL 5553687 (M.D. Fla. Oct. 6, 2010) (dismissing IIED claim because Plaintiff failed to plead sufficient facts under the Iqbal standard.)

Plaintiffs have failed to plead allegations sufficient to establish any of their claims above a speculative level, and they have failed to state any claim that is plausible on its face.  Simply put, courts in the Eleventh Circuit and around the country consistently rule that such bare and unsupported legal conclusions are insufficient under the federal pleading standards.  Therefore, all of Plaintiffs' claims must be dismissed.

## B. Plaintiffs' Intentional Infliction Of Emotional Distress Claim Fails As A Matter Of Law

Plaintiffs intentional infliction of emotional distress claims also should be dismissed because they have not alleged any conduct that is extreme and outrageous as a matter of law.  In order to establish a claim for intentional infliction of emotional distress, Plaintiff must prove all of the following elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful

- 7 -

conduct and the emotional distress; and (4) the emotional distress must be severe. Francis v. Hertz Corp., 2010 WL 761232 (N.D. Ga. Mar. 3, 2010) (citing Phinazee v. Interstate Nationalease, Inc., 237 Ga. App. 39, 39, 514 S.E. 2d 843, 844-45 (1999)). "Whether a claim rises to the requisite level of outrageousness to sustain a claim for [IIED] is a question of law." Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835, 838 (1991). The burden that the Plaintiff must meet to prevail in this cause of action is a stringent one. Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 229, 335 S.E.2d 445, 447 (1985.) In this case, under no set of facts can the Plaintiffs' claims rise to the level sufficient to support a claim for intentional infliction of emotional distress.

Indeed, to be characterized as extreme and outrageous, a party's conduct must "rise to the requisite level of egregious or outrageous behavior which justifiably results in that severe fright, humiliation, embarrassment, or outrage which no reasonable person is expected to endure." Kornegay v. Mundy, 190 Ga. App. 433, 434, 379 S.E.2d 14, 16 (1989.) The tort of intentional infliction of emotional distress is permissible only in extremely limited circumstances where the defendant's actions were so terrifying that no reasonable person could be expected to endure them. Bradley v. British Fitting Group, 221 Ga. App. 621, 625, 472 S.E.2d 146, 151 (1996.) The law may not intervene in every case where

someone's feelings are hurt.  Id.  Generally, valid cases are ones in which "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim 'Outrageous!'"  Kimsey v. Akstein, 408 F. Supp. 2d 1281, 1306 (N.D. Ga. 2005) (quoting Yarbray, 261 Ga. at 706, 409 S.E.2d at 837.)

Georgia courts consistently have held that employment decisions (such as terminations) do not amount to the kind of extreme and outrageous behavior that would support a claim of intentional infliction of emotional distress.  See Pierri v. Cingular Wireless, LLC, 397 F. Supp. 2d 1364, 1378-79 (N.D. Ga. 2005) (even where harassment and termination are alleged, "Georgia law does not consider adverse employment actions extreme or outrageous.")  For instance, in Allen v. Commercial Pest Control, Inc., 78 F. Supp. 2d 1371 (M.D. Ga. 1999), the court found that the plaintiff's allegations of discrimination and wrongful termination were insufficient to support a cause of action for intentional infliction of emotional distress.  Specifically, in granting the defendant's summary judgment motion, the court noted:

> If plaintiff's claim for intentional infliction of emotional distress is directed at an allegedly wrongful discharge, her claim must fail because Georgia law does not recognize wrongful discharge of at-will employees. *Put another way, if the intentional infliction of emotional distress claim directly stems from the termination [of an at-will*

> *employee] and is clearly not independent of the severance of*
> *employment, then plaintiff's claim should be dismissed.*

*Id*. at 1379-80 (citations omitted) (emphasis added.)   See also Harris v. Fulton-DeKalb Hosp. Auth., 255 F. Supp. 2d 1347, 1359 (N.D. Ga. 2002) (holding employee did not show that supervisor engaged in intentional or reckless conduct when he terminated her for refusing to participate in investigation of subordinate's discrimination action, as required for intentional infliction of emotional distress claim under Georgia law); Farrior v. H.J. Russell & Co., 45 F. Supp. 2d 1358, 1363-64 (N.D. Ga. 1999) (noting that discharge from an established position, even for improper reasons, does not constitute the kind of egregious conduct on which a claim of intentional infliction of emotional distress can be based); Atakpa v. Perimeter OB-GYN Assocs., P.C., 912 F. Supp. 1566, 1577 (N.D. Ga. 1994) (finding stress involved in improper termination does not give rise to intentional infliction of emotional distress claims); Suber v. Bulloch County Bd. of Educ., 722 F. Supp. 736, 744 (S.D. Ga. 1989) (finding defendants' actions constituted no more than termination of plaintiff for improper purpose and thus could not reasonably be characterized as so terrifying or insulting as to naturally humiliate, embarrass, or frighten plaintiff, as required for plaintiff's intentional infliction of emotional distress claim); Jarrard v. United Parcel Serv., Inc., 242 Ga. App. 58, 59-60, 529

S.E.2d 144, 147 (2000) (employer's termination of employee, however stressful to the employee, is not extreme and outrageous conduct.)

Here, Plaintiffs' Complaint contains few if any allegations to support their intentional infliction of emotional distress claim, however, the Complaint is very clear that the Complaint arises out of their alleged wrongful termination. Specifically, Plaintiffs allege only that Defendant's intentional or willful actions (presumably, terminating Plaintiffs for allegedly discriminatory reasons) were so abusive as to naturally humiliate, embarrass, outrage and frighten Plaintiffs, and that as a result Plaintiffs' were subjected to severe emotional harm. (Compl. ¶ 27-29.) Simply stated, Plaintiffs have not and cannot state a claim for intentional infliction of emotional distress because their claims are based entirely upon the employment action of terminating their employment. The applicable case law provides without contradiction that employment actions of the type involved here are not sufficient to support a claim of intentional infliction of emotional distress. Thus, no matter how subjectively distressful Defendant's employment decisions may have been to Plaintiffs, under Georgia law, they are insufficient, as a matter of law, to be considered extreme and outrageous conduct. Therefore, Defendant respectfully requests that this Court dismiss Plaintiffs' intentional infliction of emotional distress claims with prejudice.

### III.   <u>CONCLUSION</u>

For all of the above reasons, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Benton J. Mathis, Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
Martin B. Heller
Georgia Bar No. 360538
Anthony M. Del Rio
Georgia Bar No. 739877

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339
T:  770.818.0000
F:  770.937.9960
E:  bmathis@fmglaw.com
E:  mheller@fmglaw.com
E:  adelrio@fmglaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Benton J. Mathis, Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960
E: bmathis@fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  I also hereby certify that I have this day served a copy of the foregoing document by certified mail, return receipt requested, and United States Postal Service, first-class, postage prepaid, to pro se Plaintiff as follows:

> Stacey Barnett
> The Barnett Law Firm, P.C.
> 181 East Main Street
> Canton, Georgia 30114

This 21st day of December, 2011.

> *s/ Benton J. Mathis, Jr.*
> Benton J. Mathis, Jr.
> Georgia Bar No. 477019

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339
T:  770.818.0000
F:  770.937.9960
E:  bmathis@fmglaw.com